The Honorable Tana Lin

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CARLOS ALFREDO MARTINEZ, | ) |
| Petitioner, | ) Case No. 2:25-cv-01375-TL |
| vs. | ) **PETITIONER'S MOTION PURSUANT TO** |
| EMILY FRANCES MARTINEZ, | ) **FRCP RULE 12(f) TO STRIKE CERTAIN** |
| | ) **PORTIONS OF RESPONDENT'S** |
| Respondent, | ) **ANSWER AND AFFIRMATIVE** |
| | ) **DEFENSES** |

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**

1. There is pending, undecided and set for hearing on Petitioner's Petition for Return of Child to Japan ("Petition for Return"). Dkt. No. 1, filed on July 22, 2025.

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**
No. 2025cv1375

p. **1** of **5**

David N. Schaffer
Schaffer Family Law, Ltd.
2020 Calamos Ct.
Ste 200
Naperville IL 60563

2.    On August 29, 2025, Respondent timely filed her Answer. Dkt. No. 29.

3    "Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

"The judicial or administrative authority, even where the proceedings have been commenced <u>after the expiration of the period of one year</u> referred to in the preceding paragraph, shall also order the return of the child, <u>unless it is demonstrated that the child is now settled in its new environment</u>. . ." (emphasis added) Article 12. Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Hague Convention" or "Convention").[1]

4.    "Article 12 provides that, 'when a court receives a petition for return <u>within one year</u> after the child's wrongful removal, the court 'shall order the return of the child forthwith.' But 'where the proceedings have been commenced <u>after the expiration of the period of one year</u>,' the court "shall also order the return of the child, <u>unless it is demonstrated that the child is now settled</u> in its new environment.' 'The underlying purpose of this defense is to recognize that at some point a child may become so settled in a new environment that return is no longer in the

---

[1] Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980  T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10493 (1986).

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**
No. 2025cv1375

p. **2** of **5**

David N. Schaffer
Schaffer Family Law, Ltd.
2020 Calamos Ct.
Ste 200
Naperville IL 60563

child's best interests.'" *Guevara v. Castro*, 139 F.4th 422, 429, 2025 U.S. App. LEXIS 13379, *6-7, 2025 LX 124747, 2025 WL 1553209.

5.  Petitioner filed his Petition for Return well before the "expiration of the period of one year" from the time Respondent unilaterally removed E.M.M. from Japan.

6.  "[T]he Ninth Circuit defines a matter as 'immaterial' under Rule 12(f) when it 'has no essential or important relationship to the claim for relief or the defenses being plead.' *Whittlestone*, 618 F.3d at 974 (citing *Fogerty*, 984 F.2d at 1527). *Kristiansen v. Aldaoud*, 2023 U.S. Dist. LEXIS 104559, *10, 2023 WL 4031964.

7.  Article 12 of the Convention is immaterial, irrelevant, and inapplicable to these proceedings as Petitioner's Petition for Return of Child to Japan, Dkt. No.1, was filed well before one year from the date Respondent unilaterally removed E.M.M. from Japan.

8.  ¶¶ 4-7 of Respondent's Affirmative Defenses, Dkt. No. 29, at p .9, stating that E.M.M. is "well settled," "thriving," and has "substantial connections including with family," and discussing Respondent's employment, all since arriving in Washington are facts and allegations solely relevant to an Article 12 "well-settled" exception to return.

9.  Allegations relating to the "well-settled" Convention Article 12 exception have no "essential or important relationship to the claim for relief or the defenses being plead" and by the 9th Circuit's definition in *Kristiansen,* above, are immaterial to these proceedings including the evidentiary hearing currently set for Petitioner's Return Petition.

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**
No. 2025cv1375

p. **3** of **5**

David N. Schaffer
Schaffer Family Law, Ltd.
2020 Calamos Ct.
Ste 200
Naperville IL 60563

10. "Motion to Strike. The court may <u>strike from a pleading</u> an insufficient defense or any redundant, <u>immaterial</u>, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." (Emphasis supplied). USCS Fed Rules Civ Proc R 12(f).

WHEREFORE, pursuant to FRCP 12(f), Petitioner respectfully moves this Honorable Court to strike ¶¶ 4-7, p. 9 of Respondent's Affirmative Defenses, Dkt. No. 29, as being immaterial to these proceedings.

| | |
|---|---|
| Date: 09/10/2025 | Respectfully submitted,<br>s/Lisa A. Sharpe<br>Lisa A. Sharpe, WSBA No. 21047<br>Lasher Holzapfel Sperry & Ebberson PLLC<br>601 Union Street, Suite 2600<br>Seattle, WA  98101<br>206-654-2404; sharpe@lasher.com<br><br>Faye Washburn, WSBA No. 62967<br>Lasher Holzapfel Sperry & Ebberson PLLC<br>601 Union Street, Suite 2600<br>Seattle, WA 98101<br>206-654-2404; fwashburn@lasher.com |

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**
No. 2025cv1375

p. **4** of **5**

David N. Schaffer
Schaffer Family Law, Ltd.
2020 Calamos Ct.
Ste 200
Naperville IL 60563

David N. Schaffer
Pro Hac Vice
Schaffer Family Law, Ltd.
2020 Calamos Court, Suite 200
Naperville IL 60563
(630) 567-5366; Schaffer@familylawltd.com


ATTORNEYS FOR PETITIONER
CARLOS MARTINEZ

Served on Respondent via ECM/CF

**PETITIONER'S MOTION PURSUANT TO FRCP RULE 12(f) TO STRIKE CERTAIN PORTIONS OF RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES**
No. 2025cv1375

p. **5** of **5**