UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS ALFREDO MARTINEZ,<br><br>　　　　Petitioner,<br>　v.<br><br>EMILY FRANCES MARTINEZ,<br><br>　　　　Respondent. | CASE NO. 2:25-cv-01375-TL<br><br>ORDER ON PETITIONER'S MOTION TO STRIKE |

Petitioner Carlos Alfredo Martinez filed a Verified Petition for Return of Child to Japan. Dkt. No. 1. This matter is before the Court on Petitioner's "Motion Pursuant to FRCP 12(f) to Strike Certain Portions of Respondent's Answer and Affirmative Defenses." Dkt. No. 35. Having considered Respondent's response (Dkt. No. 41), Petitioner's reply (Dkt. No. 55-1), and the relevant record, the Court DENIES the motion.

## I.  PRELIMINARY MATTER

As a preliminary matter, the Court notes that Respondent filed her response to Petitioner's motion on October 3, 2025. Under Local Civil Rule 7(d)(3), however, her response was due on September 25, 2025. Respondent therefore filed her opposition brief eight days late, and she provided no explanation for the late filing. Although the untimely filing could be grounds for striking Respondent's brief (and consequently treating Petitioner's motion as conceded), the Court finds that dismissal of Respondent's affirmative defenses would be too

drastic a sanction here. The Court could easily fashion a less drastic sanction to counter any prejudice to Petitioner, especially given that public policy favors the disposition of cases on the merits. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted) (instructing district courts to weigh, among other factors, the risk of prejudice to the opposing party, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions, when considering dismissal for failure to comply with a court order). Here, the Court gave Petitioner additional time to file a reply (*see* Dkt. No. 42 at 2), and the Parties worked out an alternate schedule for the reply (Dkt. No. 46).

## II.    LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In deciding a Rule 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) ("We . . . hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds sub nom., Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted). Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits. *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations and internal quotation marks omitted).

## III.    DISCUSSION

Petitioner brings this petition under the International Child Abduction Remedies Act

ORDER ON PETITIONER'S MOTION TO STRIKE – 2

("ICARA"), 22 U.S.C. §§ 9001–9011, the United States statute that implements the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25, 1980, 1343 U.N.T.S. 49. The purpose of the Convention is "to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Convention art. 1.

Three provisions of the Convention are relevant to the inquiry at hand. First, to establish a prima facie case for the return of a child, Petitioner must demonstrate by a preponderance of the evidence that: (1) the child at issue is under the age of 16; (2) the child had a "habitual residence" in a foreign country that is a signatory to the Convention; (3) the child was removed or retained in breach of the petitioner's custody rights under the law of the country of habitual residence; and (4) the petitioner was exercising those rights at the time of the child's wrongful removal or retention. 22 U.S.C. § 9003; Convention arts. 3–4. Second, the Convention states that where a child has been wrongfully removed or retained and the proceedings are commenced under the Convention less than one year from the date of the wrongful removal, the authority concerned shall order the return of the child. However, if proceedings are commenced more than one year after removal, the return of the child shall also be ordered unless it is demonstrated that the child is now settled in its new environment. 22 U.S.C. § 9003; Convention art. 12. Third, even if it is determined that a child has been wrongfully removed, there are exceptions to that general rule. For example, "the Convention provides that return is not required if '[t]here is a grave risk that . . . return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.'" *Golan v. Saada*, 596 U.S. 666, 670–71 (2022) (quoting Convention art. 13(b)).

Here, Petitioner seeks to strike from Respondent's Answer Paragraphs 4 through 7 of her

ORDER ON PETITIONER'S MOTION TO STRIKE – 3

Affirmative Defenses, which assert, among other things: (1) EMM is well settled in her new environment in Washington (Dkt. No. 29 § VII ¶ 4); (2) Respondent is employed and is obtaining financial stability in Washington (*id.* § VII ¶ 5); (3) EMM has substantial connections including family in Washington (*id.* § VII ¶ 6); and (4) EMM is thriving in Washington (*id.* § VII ¶ 7). *See* Dkt. No. 35 at 3. Petitioner's motion focuses exclusively on Article 12 and is predicated on the fact that Petitioner commenced proceedings less than one year after the child's removal, thereby rendering the question of whether the child is settled in its new environment inapplicable. *See generally* Dkt. Nos. 35, 55-1. Respondent agrees that the portion of Article 12 regarding proceedings that were commenced more than one year after removal does not apply (*see* Dkt. No. 41 at 2), and there is no question that the Article 12 well-settled inquiry is not applicable in this case.

However, Respondent asserts that the challenged affirmative defenses also relate to questions of habitual residence and "grave risk." *See id.* at 4–7. As Petitioner recognizes, these are facts and questions that will be addressed at the evidentiary hearing in this matter. Dkt. No. 55-1 at 2. How such facts will be presented, and what weight they might have, is yet to be seen. But at this time, in this procedural posture, the Court finds that the defenses may be relevant to the questions of habitual residence and grave risk. They are therefore not redundant, immaterial, impertinent, or scandalous.

Accordingly, the Court DENIES Petitioner's motion to strike (Dkt. No. 35).

Dated this 14th day of November 2025.

Tana Lin
United States District Judge