UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS ALFREDO MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> EMILY FRANCES MARTINEZ, <br><br> Respondent. | CASE NO. 2:25-cv-01375-TL <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on Petitioner Carlos Alfredo Martinez's ("Petitioner") Verified Petition for Return of Child to Japan under the Convention on the Civil Aspects of International Child Abduction ("Convention"). Dkt. No. 1. Petitioner seeks the return of his child, E.M.M., to Japan. Dkt. No. 1 ¶ 6. Petitioner alleges that Respondent Emily Frances Martinez, E.M.M.'s mother, wrongfully removed E.M.M. from Japan to the jurisdiction of this Court in May 2025. *Id.* ¶ 1.

ORDER REQUESTING SUPPLEMENTAL BRIEFING – 1

The Court held a two-day evidentiary hearing on the Petition beginning on January 27, 2026. Dkt. Nos. 65, 69. The Parties submitted Stipulated Proposed Findings of Fact and Conclusions of Law (Dkt. No. 84 ), as well as their respective versions of same (Dkt. No. 84-1) (Petitioner); Dkt. No. 84-2 (Respondent)).

To determine whether a petitioner establishes a prima facie case for return under the Convention, a court must make four findings: (1) the child was under the age of 16 when the removal or retention at issue took place;[1] (2) the state in which the child was habitually resident immediately prior to the removal or retention is where Petitioner resides; (3) the removal or retention breached the rights of custody attributed to the petitioner under the law of the habitual residence; and (4) the petitioner was exercising those rights at the time of the removal or retention. 22 U.S.C. § 9003(e)(1); 42 U.S.C. § 11603(e)(1); Convention arts. 3–4; *Mozes v. Mozes*, 239 F.3d 1067, 1070 (9th Cir. 2001), *abrogated on other grounds by Monasky v. Taglieri*, 589 U.S. 68 (2020). Petitioner must establish all four findings by a preponderance of the evidence. Convention arts. 3–4; 22 U.S.C. § 9003(e)(1); 42 U.S.C. §11603(e)(1).

The Parties have stipulated that if the Court determines that E.M.M. was a habitual resident of Japan at the time she was removed to Washington state, then Petitioner had rights of custody under Japanese law. Dkt. No. 84 ¶ 11. From that, Petitioner jumps to the legal conclusion that Respondent's removal of E.M.M. to Washington state was in breach of Petitioner's rights of custody in Japan, thereby establishing the third prong of the prima facie case. Dkt. No. 86-1 ¶ 194. Respondent does not discuss this third prong at all in her pleading. *See generally* Dkt. No. 84-1. However, having custody rights is only part of the inquiry of prong three. For the third prong, the Court must determine not only whether the Petitioner had custody rights (a fact to which the Parties stipulate), but also whether the removal *breached* the custody rights the Petitioner had *under the law of the habitual residence*.

ORDER REQUESTING SUPPLEMENTAL BRIEFING – 2

Respondent's expert, Sahoko Awakawa, gave uncontested testimony that under Japanese law, if the parents of a child are separated and one parent takes the child over the objection of the left-behind parent, the main or primary custodian will be given custody of the child. *See* Dkt. No. 73 at 210:12–211:13. She then testified that the primary custodian under Japanese law as to a two-year-old is who wakes the child up, feeds the child, takes the child to daycare, communicates with daycare, takes the child to the hospital, and basically provides the "actual daily care of the child." *Id.* 212:22–213:6.

To assist the Court, the Court ORDERS that the Parties provide supplemental briefing of **no more than five pages**, specifically on the issues of: (1) whether Petitioner's stipulated custody rights were breached under Japanese law; and (2) the significance (or not) of Ms. Awakawa's testimony regarding how custody is awarded under Japanese law to parents who are separated. The supplemental briefing SHALL be filed no later than **April 3, 2026**. No responses will be allowed.

Dated this 27th day of March, 2026.

Tana Lin
United States District Judge

ORDER REQUESTING SUPPLEMENTAL BRIEFING – 3